HYGEIA WATER ICE CO. *v.* NEW YORK HYGEIA ICE CO., Limited.

*(Supreme Court, General Term, First Department.   June 20, 1892.)*

CORPORATE NAME—EXCLUSIVE RIGHTS—INJUNCTION.

   A company known as the "Hygeia Water Ice Company " is not entitled to re-
strain a subsequently organized company from the use of the word "Hygeia" in its
corporate name where the word had been used in the name of another water-com-
pany organized prior to plaintiff's organization.

   Appeal from special term, New York county.

   Action by the Hygeia Water Ice Company against the New York Hygeia
Ice Company, Limited, to restrain defendant from the use of the word "Hygeia"
in the corporate name.   From a judgment dismissing the complaint the plain-
tiff appeals.   Affirmed.

   Argued before VAN-BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

   *Seward, Guthrie & Morawetz,* (*Chas. Steele,* of counsel,) for appellant.
*Ashbel P. Fitch,* (*George E. Mott,* of counsel,) for respondent.


   O'BRIEN, J.   The action is brought to enjoin the defendant company from
using the word "Hygeia" in its corporate title.   It appears that in October,
1885, a corporation was organized by the name of the "Hygeia Sparkling Dis-
tilled Water Company," for the purpose of manufacturing pure and tasteless
distilled water for drinking and other purposes.   This company was known
as the "Hygeia Company."   On March 1, 1890, the persons interested in the
Hygeia Water Company caused the incorporation of the plaintiff company un-
der the name of the "Hygeia Water Ice Company."   This company, though
it has expended money in experimenting and labor, has never manufactured
ice to sell, nor in fact has it decided upon the process which it shall adopt in
its manufacture, nor engaged practically in the business for which it was or-
ganized, of selling ice.   The incorporators of the defendant company, though
they had considered the question of forming an ice manufacturing company
as early as January, 1890, were not actually incorporated until the 1st day of
April, 1890; from which it will be seen that in point of time the plaintiff
company was actually incorporated one month prior to the defendant company.
The theory upon which the action is based is that the plaintiff by the adoption
of its corporate name acquired an exclusive right or title to the word "Hygeia."
Upon the trial the complaint was dismissed on the authority of *Caswell* v.
*Davis,* 58 N. Y. 223.   In this case it was decided that the words "Ferro-
Phosphorated Elixir of Calisaya Bark" could not be appropriated as a trade-
mark by certain individuals.   In disposing of it upon this ground we think
the learned judge overlooked the principle which the plaintiff invoked; as no
claim was made to the name as a trademark, nor was the question of trade-
mark involved.   As already said, the issue presented was whether or not a
corporation, having had conferred upon it by the law a corporate title and
name, was entitled to protection in the exclusive use of that name as against
any other corporation subsequently organized to transact the same business.
The ground upon which the relief was sought was that the use of the corpo-
rate name of the defendant was an infringement and wrongful imitation of the
name of the plaintiff.   As aptly said in 4 Amer. & Eng. Enc. Law, 206:
"Apart from any statute a corporation has a right to the exclusive use of its
name, and this will be protected upon the same principle that persons are
protected in the use of trademarks."   We think, however, that this general
statement of the rule is subject in this state to the limitation that no corpora-
tion can lawfully appropriate as its exclusive name words necessary to de-
scribe the business intended to be conducted.   It was insisted below, as it is
insisted here, that the word "Hygeia" in the title "Hygeia Water Company"
is descriptive of character or quality, and therefore, under the exception to
the rule above noted, could not be exclusively appropriated either as a corpo-

rate name or as a trademark. As it is not necessary, we do not pass upon that question now, because the absence from the record of evidence excluded relating to the meaning of the word might, if the case were to be decided upon this ground, require a new trial so that testimony relating thereto could be received. We think that one fact appearing is fatal to plaintiff's right to the relief sought. It is conceded that in 1885 the word "Hygeia," to which the plaintiff here lays exclusive claim, was used by another company as part of their corporate name. It must be self-evident that, as no trademark is claimed, and as the very word "Hygeia," which plaintiff asserts is exclusively appropriated, was used and appropriated by another company prior to the incorporation of the plaintiff, this furnishes an answer to the suggestion of exclusive ownership. It is true that in the former case the word "Hygeia" was used in connection with a water company, and that the plaintiff proposes to engage in the ice business. No claim, however, is made to "Hygeia" as connected with the ice company, but the plaintiff stands upon the assertion that, apart from the association of the word used as part of its corporate name and title, it has acquired by its certificate of incorporation an exclusive right or title in the word "Hygeia," which, as we have already shown, had been prior to that time appropriated by another company, and against which prior company it is clear that the plaintiff could not have obtained an exclusive right. We are of opinion that upon this ground, of the formation of a corporation prior to plaintiff's which had appropriated the word "Hygeia" as part of its corporate title, the plaintiff was prevented from acquiring an exclusive right to the use of such word as part of its corporate name.

The judgment appealed from should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concur in the result.